UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-21382-CIV-ALTONAGA/Brown

**RAQUEL BARRERA**, *et al.*,

    Plaintiffs,

vs.

**OFICINA, INC.** and **JOSEPH ASSAF**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Conditional Certification of Representative Class and to Permit Court-Supervised Notification Pursuant to 29 U.S.C. § 216(b) (the "Motion") [ECF No. 26], filed on August 6, 2010. The Court has considered the parties' written submissions and applicable law.

### I. BACKGROUND

Plaintiffs, Raquel Barrera ("Barrera"), Bryan Deneumostier ("Deneumostier"), Steven Novalk ("Novalk"), and Daniel Torres ("Torres"), filed this action against Defendants, Oficina, Inc. ("Oficina") and Joseph Assaf ("Assaf"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–209, to recover money damages for unpaid overtime and straight wages. (*See* Am. Compl. ¶ 1 [ECF No. 28]).

Plaintiffs worked as clerks for Oficina (*see id*. ¶¶ 10, 26, 41, 56) and received their work schedules from Assaf who is the owner and/or director of Oficina (*see id.* ¶¶ 19, 35, 50, 65). Barrera worked for Defendants beginning around January 28, 2008 until at least March 11, 2010. (*See id*.

¶ 13). During that time Barrera worked an average of 80 hours per week for Defendants. (*See id*. ¶ 11). Deneumostier worked an average of 72 hours per week from August 1, 2008 until August 1, 2009 and then continued to work an average of 60 hours per week through March 5, 2010. (*See id*. ¶ 27). Novalk worked an average of 71.5 hours per week from February 1, 2008 through March 1, 2009. (*See id*. ¶ 42). Torres worked an average of 72 hours per week from around June 29, 2008 through August 4, 2008. (*See id*. ¶¶ 57–58).

Except for Torres, who received a partial overtime payment of $670.00 from Defendants, none of the other Plaintiffs have ever been compensated for the hours they worked in excess of 40 per week at Oficina. (*See id*. ¶¶ 12, 28, 43, 58). Moreover, Deneumostier received no compensation for his first eight weeks on the job (*see id*. ¶ 27), and Torres did not receive compensation for most of the regular hours he worked (*see id*. ¶ 58). All four Plaintiffs witnessed other employees who performed the same or similar duties work in excess of 40 hours per week without receiving overtime compensation. (*See id*. ¶¶ 11, 27, 42, 57).

In addition to their individual claims, Plaintiffs seek to represent other similarly-situated employees of Defendants who have not been paid overtime. (*See id*. ¶ 67). In the Motion, Plaintiffs request that the Court conditionally certify a collective action and permit court-supervised notification of similarly-situated Oficina employees pursuant to 29 U.S.C. § 216(b). (*See* Mot. 1).

## II.  LEGAL STANDARD

The FLSA permits a plaintiff to bring a "collective action" on behalf of similarly-situated persons subject to the requirement that prospective plaintiffs file a written consent in the court where the action is brought. *See* 29 U.S.C. § 216(b); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208,

Case No. 10-21382-CIV-ALTONAGA/Brown

1216 (11th Cir. 2001).  In the interest of judicial economy, district courts have discretionary power to authorize the sending of notice to potential class members.  *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989).  But notice should only be authorized in appropriate cases.  *See Haynes v. Singer Co.*, 696 F.2d 884, 886 (11th Cir. 1983).

In order to grant conditional collective action certification, the Court must, at a minimum, satisfy itself that there are other employees who (1) are similarly situated and who (2) desire to opt into this case.  *See Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991).  First, Plaintiffs bear the burden of proving that they and the class they seek to represent are similarly situated.  *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).  To evaluate whether Plaintiffs have demonstrated the existence of a similarly-situated class, courts in the Eleventh Circuit utilize a two-tiered procedure that recognizes distinct burdens at different stages of the litigation process.  *See Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 (11th Cir. 2003) (citing *Hipp*, 252 F.3d at 1218 and collecting cases).  The first tier is referred to as the notice stage. *Id.* at 1243, n.2  (quoting *Hipp*, 252 F.3d at 1218).

> At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.  If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."  The action proceeds as a representative action throughout discovery.

*Id.*

Case No. 10-21382-CIV-ALTONAGA/Brown

The second tier of analysis, re-examining the question of certification after discovery is complete, follows a motion for "decertification" by the defendant. *Id.*

> At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives — i.e. the original plaintiffs — proceed to trial on their individual claims.

*Id.*

Second, Plaintiffs must show there are employees who would opt in if given notice. *See Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003) ("[A] showing that others desire to opt-in must be made before notice is authorized."). Based on this showing, a "district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in.'" *Dybach*, 942 F.2d at 1567. The burden is on Plaintiffs to produce evidence demonstrating aggrieved individuals exist within the class they propose. *See Haynes*, 669 F.2d at 888 (holding the court properly declined to authorize notice to a prospective class where the only evidence presented was counsel's assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores). If Plaintiffs do not satisfy their burden, the Court should decline the certification of collective action to "avoid the 'stirring up' of litigation through unwarranted solicitation." *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1318 (M.D. Ala. 2002) (quoting *Brooks v. BellSouth Telecomm., Inc.*, 164 F.R.D. 561, 567 (N.D. Ala. 1995)).

Case No. 10-21382-CIV-ALTONAGA/Brown

## III. ANALYSIS

Plaintiffs maintain they "have adequately demonstrated and alleged that there are similarly situated individuals who desire to opt-in to this action." (Reply 5 [ECF No. 44]). Courts in the Eleventh Circuit have had numerous occasions to consider whether a plaintiff has adequately met the burden under the FLSA of establishing that similarly situated persons exist who would desire to opt into a collective action. In deciding those cases, these courts have typically been presented affidavits of other employees, *see Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 362 (M.D. Ala. 1999) (plaintiff presented affidavits from 15 other employees); and consents to join the suit, *see White*, 204 F. Supp. 2d at 315. Where plaintiffs fail to produce evidence demonstrating that any prospective class member would opt into the litigation, courts have routinely declined to certify a collective action and authorize notice. *See Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Fla. 2004) ("[P]laintiffs have filed no affidavits or consents from these would-be class members to suggest that they are actually willing to join the suit. . . . Thus, the court concludes that plaintiffs have not carried their burden of demonstrating that other plaintiffs exist who desire to opt-in."); *Mackenzie*, 276 F. Supp. 2d at 1220; *Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1236 (M.D. Ala. 2003).

In addition to the allegations in the complaint that Plaintiffs observed "other similarly-situated weekly paid employees who . . . worked in excess of 40 hours per week without overtime compensation" (*see, e.g.*, Am. Compl. ¶ 11), Plaintiffs attach an affidavit by each of the four named Plaintiffs to the Reply evincing the existence of similarly-situated employees. (*See* Affs. [ECF No. 44-1]). However, even if these affidavits support Plaintiffs' assertions that there are other similarly

Case No. 10-21382-CIV-ALTONAGA/Brown

situated employees, the affidavits do not indicate any of those employees would choose to opt into the litigation. Each of the four affidavits provided by Plaintiffs reads:

> In addition to the [other named Plaintiffs], I routinely observed other unnamed employees, with whom I shared, and often rotated, job duties and responsibilities, work in excess of 40 hours per week without being paid time and one half for those hours. These unnamed employees *may wish* to become parties to the instant action.

(*See, e.g.*, Affs. 2) (emphasis added).

While some of these potential plaintiffs "may wish" to join the lawsuit, Plaintiffs' "unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify notice."[1] *Mackenzie*, 276 F. Supp. 2d at 1220 (citing *Haynes*, 696 F.2d at 887)). Plaintiffs' only explicit argument addressing the second element is the inference that because "multiple plaintiffs have already become parties to this action, prior to receiving notice, . . . there are others who wish to join this action." (Reply 5). But the opposite inference — that all those interested in joining this lawsuit have already done so — is also plausible. Because Plaintiffs bear "the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist [] in the broad class that they proposed," *Haynes*, 696 F.2d at 887, Plaintiffs' "mere stated belief in the existence of other employees who desire to opt-in is insufficient," *Davis*, 303 F. Supp. 2d at 1277. The Plaintiffs have presented no evidence of any individual's interest in joining this lawsuit, and

---

[1] Plaintiffs emphasize their initial burden to show a basis for allowing a collective action is not a heavy one (*see* Reply 2 (citing *Grayson*, 79 F.3d at 1097)), and that the standard for certifying a collective action is fairly lenient (*see id.* 2 (citing *Hipp*, 252 F.3d at 1218)). But in *Grayson* and *Hipp,* the Eleventh Circuit only discussed the evidentiary standard that must be met to show there were "similarly situated" employees. (*See Hipp*, 252 F.3d at 1219 (citing *Grayson*, 79 F.3d at 1095, 1097)). These cases did not address what evidence Plaintiffs must provide to show the similarly-situated employees would join the suit if they received notice.

Case No. 10-21382-CIV-ALTONAGA/Brown

absent a showing there are similarly situated employees who would opt in, there is no evidentiary basis to permit this matter to go forward as a collective action. Accordingly, it is

**ORDERED and ADJUDGED** that Plaintiff's Motion for Conditional Certification **[ECF No. 26]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of October, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record