**10-21382.afees**

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**
Miami Division

Case Number: 10-21382-CIV-BROWN

THIS IS A CONSENT CASE

RAQUEL BARRERA, et al.,

       Plaintiffs,

vs.

OFFICINA, INC., and JOSEPH ASSAF,

       Defendant.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS FEES

**THIS MATTER** is before the Court on Plaintiffs' Motion for Attorneys Fees (D.E. 138) filed on January 30, 2012. The Court has considered the Motion, noted that there was no response, and considered all the pertinent materials in the file. For the reasons that follow, the Court grants the Motion.

Plaintiffs seek to recover attorneys fees totaling $3,990.00 pursuant to Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Defendants failed to file a response in opposition to the Motion within the time parameters of Local Rule 7.3(a). This Rule outlines that "within fourteen (14) days after filing and service of the motion, the respondent shall describe with *reasonable particularity* each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide legal authority." (Emphasis added). Local Rule 7.1(c) states that failure to serve an opposing memorandum of law within fourteen days after service of the motion "may be deemed sufficient cause for granting the motion by default." Nonetheless, even in the absence of

1

a response from the Defendants, the Court has a duty to ensure the Plaintiffs' request for attorneys fees is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-434 (1983).

Under the FLSA, "the Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "Prevailing plaintiffs are automatically entitled to attorney's fees and costs under the FLSA." Dale v. Comcast Corp., 498 F.3d 1216, 1223 (11th Cir. 2007). The Plaintiffs, as the prevailing party,[1] are entitled to an award of reasonable attorney's fees.

Under the lodestar method utilized by Courts in this Circuit, reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended. Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997); Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The Plaintiff bears the burden of documenting reasonable hours expended and reasonable hourly rates. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The Plaintiffs must also supply detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity. Id.

### I. Reasonable Hourly Rates

This Court must first determine whether the Plaintiffs have satisfied the burden of establishing that their requested hourly rates are reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Norman, 836 F.2d at 1299. With respect to hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and

---

[1]On January 18, 2012, the Court entered Final Judgment in the amount of $40,000.00 in favor of the Plaintiffs (D.E. 137).

experience concerning reasonable and proper fees." Id. at 1303.

Counsel for Plaintiffs has requested fees for attorney Ruben Martin Saenz at an hourly rate of $300.00 (D.E. 137). As noted above, the Defendants have failed to file a response and therefore have not provided any suggestion with respect to an appropriate hourly rate. Based upon the lack of specific objection by the Defendants, Plaintiffs' supporting affidavits, and the Court's own familiarity with attorneys' fees, the Court concludes that the hourly rates requested by Mr. Saenz are reasonable. See also Brandt v. Magnificent Quality Florals Corp., No. 07-201129-CIV, 2011 WL 4625379, at *8 (S.D. Fla. Sept. 30, 2011) (holding that attorneys in a FLSA case could be awarded an hourly rate of $325.00).

## II. Reasonable Hours Expended

Counsel must use "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition. Hensley, 461 U.S. at 434. Though the Plaintiffs bear the initial burden of submitting evidence sufficient to allow the Court to confirm that the requested hours are not excessive, "objections and proof from fee opponents 'concerning hours that should be excluded must be specific and 'reasonably precise.'" Barnes, 168 F.3d at 428 (quoting Norman, 836 F.2d at 1301).

Plaintiffs' counsel has requested 13.3 hours worth of attorneys fees and provided an itemized bill for services performed (D.E. 138-1). As noted above, the Defendants have failed to respond to the Motion and, therefore, no specific objections to the hours expended by Plaintiffs' counsel have been made. The Court has, however, conducted an independent review of the specific hours billed and finds that the entries are reasonable in nature and amount in light of the result counsel obtained for his clients. See Hensley, 461 U.S. at 434.

Based upon the foregoing, and an entire review of the record, it is hereby **ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Attorneys Fees is **GRANTED**.  The Plaintiffs are entitled to recover their attorneys fees in the amount of $3,990.00.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of March, 2012.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   counsel of record